**Juan Manuel ARANA–GONZALEZ; Maria Magdalena D. Acevedo, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–75145.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.\*

Filed April 27, 2007.

Bruce C. Wong, Esq., Duxford Law Group, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Marion E. Guyton, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER and BEA, Circuit Judges.

MEMORANDUM \*\*

Juan Manuel Arana–Gonzalez and Maria Magdalena D. Acevedo, husband and wife, seek review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We dismiss the petition for review.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The evidence Petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

Petitioners' contention that the BIA violated their due process rights by disregarding their evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We lack jurisdiction to review the BIA's underlying order dismissing Petitioners' direct appeal from the immigration judge's decision because this petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.